# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF OHIO WESTERN DIVISION AT DAYTON

**United States of America,**

    *Plaintiff,*

v.

**Charles Darnell Spencer,**

    *Defendant.*

Case No. 3:16-cr-073
Judge Thomas M. Rose

---

## AMENDED OPINION AND ORDER DENYING DEFENDANT'S MOTION TO CONTINUE (ECF 150)

---

This matter is before the Court on Motion to Continue by Defendant Charles Darnell Spencer. ECF 150.

**Background**

On April 28, 2016, a complaint was filed alleging that Spencer knowingly and intentionally conspired to possess with intent to distribute a substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(l) and (b)(1). (ECF 1). He and Co-Defendants Deontay Lavern Satterwhite, Guy White and William Clarence Etchison, Jr. were arrested April 29, 2016. ECF 5.

On June 29, 2016, all parties filed Second Joint Motion for an Order Extending Time to File Indictment or Information, ECF 21, which the Court granted. ECF 23.

1

On August 22, 2016, Myron P. Watson entered an appearance to represent Defendant Charles Darnell Spencer. ECF 42, 44. Attorney Watson promptly filed a motion to continue the arraignment as regards Spencer. ECF 43. On August 23, 2016, Spencer was arraigned.

On September 2, 2016, the Court issued a scheduling order, setting a trial date of September 26, 2016. ECF 46.

On September 9, 2016, Attorney Watson filed a motion to continue for Spencer based on the need to review voluminous amounts of records. ECF 47. On September 19, Etchinson filed a motion to continue. ECF 48. On September 20, 2016, the Court granted the motions, moving the trial to December 5, 2016. ECF 49.

On October 6, 2016, Spencer filed a motion to extend the Court's motion deadline. ECF 56. On October 12, 2016, this motion was granted.

On November 7, 2016, Attorney Watson filed a motion to continue the trial date, to allow receipt and review of extensive records. ECF 68. On December 5, 2016, this motion was granted. ECF 70.

On January 27, 2017, Spencer filed a motion to extend the motions deadline, to allow receipt and review of extensive records. ECF 79. This motion was granted.

On February 11, 2017, Spencer filed another motion to extend the motions deadline, to allow receipt and review of extensive records and to send his investigator out of state to conduct interviews. ECF 80. This motion was granted.

On February 14, 2017, Spencer filed a motion for the appointment of a private investigator. ECF 82. This motion was granted. ECF 83.

On February 23, 2017, Attorney Watson filed a motion to continue the trial, due to the investigator having a conflict and the need to prepare for trial. ECF 84. This motion was granted.

2

In addition, a new Motion deadline was set for Friday, March 31, 2017. Counsel was warned, "No further continuances shall be granted without just cause." Docket entry March 20, 2017.

On May 22, 2017, Attorney Watson moved the Court to continue the trial date, seeking additional discovery from the government. ECF 94. This motion was granted. ECF 114.

On June 6, 2017, Defendants Satterwhite and White pleaded guilty. ECF 108, 110.

On August 29, 2017, Attorney Watson filed a motion which read in its entirety:

> Comes now, Defendant Charles Darnell Spencer and respectfully moves this Court for a continuance of the trial scheduled to commence on October 2, 2017 for just cause.
>
> Wherefore, the undersigned would respectfully request that this Honorable Court grant a continuance of the trial.

ECF 117. This motion was granted. ECF 118.

On November 7, 2017, Attorney Watson moved the Court to continue the trial date, explaining that there was a need to acquire phone records, to conduct further investigation and to interview additional witnesses. ECF 135. This motion was granted.

On December 20, 2017, Attorney Watson moved the Court to continue the trial date, explaining that an expert witness had been hired, but that the expert had not completed an analysis of the tapes. ECF 139. On January 17, 2018, the Court granted the motion, warning in the docket entry that this would be a "final continuance." Docket entry January 17, 2018.

On February 13, 2017, Spencer was ordered to file a status report regarding any outstanding subpoenas by February 16, 2018. ECF 142. Moreover, expert reports were ordered to be delivered to opposing counsel by March 7, 2018.

On February 22, 2018, Spencer was ordered to show cause why he should not be held in contempt for failure to file the status report. ECF 143. On March 9, 2018, Spencer filed a status

3

report.

On March 22, 2018, the Government filed a third superseding indictment, adding a gun charge. ECF 149.

On March 23, 2018, Spencer filed the motion to continue currently before the Court. ECF 150.

**Analysis**

Pending before the Court is Defendant Charles Spencer's Motion for Continuance pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii). ECF 150. In it, Spencer prays for "a continuance of the trial for a period of 90 days for reason that Defendant's expert Toni Blount-Harvey of NonKarta, has not been heard from for almost three (3) weeks." ECF 150, PageID 652.

The decision to deny a motion for a continuance is entrusted to a district court's discretion. *United States v. Harbour*, 417 F. App'x 507, 512 (6th Cir. 2011) (citing *United States v. King*, 127 F.3d 483, 486 (6th Cir. 1997). "Trial judges necessarily require a great deal of latitude in scheduling trials[,] ... [and] broad discretion must be granted [to] trial courts on matters of continuances." *Id*. (quoting *Morris v. Slappy*, 461 U.S. 1, 11 (1983)). The public has an independent interest in a speedy trial which the Court must uphold. 18 U.S.C. § 3161(h)(7)(A).

Spencer urges the Court to consider that the Government recently added charges of being a felon in possession of a firearm against him for possession of a loaded Bryco 9mm and a loaded Taurus .357 revolver. See Third Superseding Indictment, ECF 149, PageID 645. This aspect of the case is not new to Spencer. The Second Superseding Indictment sought to forfeit these weapons. ECF 36, PageID 328. Spencer's status as a felon was already a matter of concern, as any serious preparation of the case would have sought out a criminal history to understand what penalty might

4

be at stake.

Spencer also seeks time to afford him to prepare for trial, though his attorney has placed no cogent explanation of how an expert would assist his case on the record, despite multiple opportunities on the record when questioned by the Court. Continuances of the trial have been previously granted to Defendant for this purpose on September 9, 2016, November 7, 2016, February 23, 2017 (when Defendant was warned about the Court's hesitancy to grant further continuances), May 22, 2017, August 29, 2017 (granted on Defendant's bald assertion of "just cause"), November 7, 2017, and December 20, 2017, when Defendant was warned that it would be "a final continuance to the Jury Trial. It was.

The Sixth Circuit has previously affirmed the denial of merely a third motion to continue trial. See *Harbour*, at 514. This motion is Spencer's eighth. As in *Harbor*, Attorney Watson is unable to explain a benefit to his client's defense that the Court can comprehend. C.f. *Harbour,* at 514 ("Other than retaining an expert witness on an immaterial topic or reviewing evidence and preparing arguments at a more leisurely pace, Harbour's appeal is strikingly bereft of an explanation as to what counsel would have done differently had the district court granted the continuance"). The Court notes that the expert Watson had previously employed, Toni Blount-Harvey works for NonKarta, a firm that advertises itself as "offer[ing] services ranging from case material manag[e]ment to in-court eParalegal services." http://www.nonkarta.com/ (Last visited April 9, 2018). This does nothing but strengthen the Court's disbelief, based on counsel's on-the-record representations, that any meaningful expert testimony is forthcoming. Counsel has not yet even provided an expert resume. See ECF 142 ("Expert Reports to opposing Counsel by March 7, 2018.").

The Court finds that the failure to grant the requested continuance would not make the trial

impossible or result in a miscarriage of justice. The case is not unusual and the guilty pleas of all co-defendants has stripped the case of any argument that the number of defendants creates complexity. It is entirely reasonable to have expected adequate preparation for the trial within the time already allowed. Indeed, counsel for the defendant has had "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

Therefore, Motion to Continue by Defendant Charles Darnell Spencer, (ECF 150), is **DENIED**. Jury Trial remains set for April 23, 2018, at 9:00 a.m. in Courtroom 2 before Judge Thomas M. Rose.

**DONE** and **ORDERED** this Tuesday, April 10, 2018.

s/Thomas M. Rose

---
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE