# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**United States of America,**

    *Plaintiff,*

v.

**Charles Darnell Spencer,**

    *Defendant.*

Case No. 3:16-cr-073
Judge Thomas M. Rose

---

## OPINION AND ORDER STRIKING DEFENDANT'S MOTION TO SUPPRESS (ECF 174)

---

This matter is before the Court on Motion to Suppress (ECF 174) by Defendant Charles Darnell Spencer. On May 1, 2018, Defendant filed a motion for permission to file motions out of time. (ECF 168.) On May 2, 3018, this motion was denied by notation. Later that day, Defendant proceeded to file Motion to Dismiss (ECF 172) and Motion to Suppress (ECF 173) anyway. The Court denied these motions, because they were filed after the Court's motions deadline. (ECF 175). Yet another motion has been filed, Defendant's Motion to Suppress. (ECF 174).

Motion to Suppress (ECF 174), filed May 2, 2018, asserts repeated challenges to the veracity and accuracy of the affidavit supporting the Government's request for a wiretap. Defendant has been aware of the Government's wiretap since May of 2016. (See ECF 12, Order

1

Granting Motion for Authorization to Provide Defense Counsel a Copy of the Sealed Supporting Affidavit, authorizing release of search warrant affidavit, which references the wiretap, See ECF 173-1, PageID 751, ¶ 44.) After many extensions, "a new Motion deadline [was] set for Friday, March 31, 2017." (Docket Entry March 20, 2017). Counsel was warned, "No further continuances shall be granted without just cause." (Id.) Defendant offers no just cause for his delay.

Because it is filed out of time and without permission, the Court **ORDERS** Defendant's Motion to Suppress, ECF 174, to be struck. Should a reviewing Court find this an abuse of discretion, it would be denied in any event.

An application for a wiretap order must include "a full and complete statement as to whether other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). Based upon this application, the court may grant the order if it determines that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(3)(c). These provisions do not require that the police officials exhaust every conceivable non-wiretap investigative technique. All that is required is that the investigators give serious consideration to the non-wiretap techniques prior to applying for wiretap authority and that the court be informed of the reasons for the investigators' belief that such non-wiretap techniques have been or will likely be inadequate. *United States v. Alonso*, 740 F.2d 862, 868 (11th Cir. 1984); *United States v. Webster*, 734 F.2d 1048, 1055 (5th Cir. 1984); *United States v. Lambert*, 771 F.2d 83, 91 (6th Cir. 1985). The Government has met this requirement. See 3:15-mc-004, ECF 150-1, PageID 473-92, ¶¶ 84-126; see also id., ECF 153-1, PageID 603-623, ¶¶ 84-

124. "All that is required is that the investigators give serious consideration to the non-wiretap techniques prior to applying for wiretap authority and that the court be informed of the reasons for the investigators' belief that such non-wiretap techniques have been or will likely be inadequate." *United States v. Giacalone*, 853 F.2d 470, 480 (6th Cir. 1988) (citing *United States v. Alfano*, 838 F.2d at 163-64 (6th Cir. 1988) (quoting *United States v. Lambert*, 771 F.2d 83, 91 (6th Cir. 1985).

As for the challenges to veracity and accuracy, Defendant challenges the veracity of information relayed from sources to the Government. This does not provide a basis for a hearing:

> Regarding defendants' affidavits denying things attributed to them by Conley's affidavit, I must first note that the Supreme Court made it very clear that a defendant's challenge must be directed at the veracity of the affiant, not the veracity of governmental informants. [*Franks v. Delaware*,] 438 U.S. at 171, 98 S. Ct. at 2684. The question is whether agent Conley accurately and truthfully represented what the informants told him, not whether the informants lied to agent Conley. See *United States v. Barnes*, 604 F.2d 121, 152-53 (2nd Cir. 1979); *United States v. Edwards*, 602 F.2d 458, 465 (1st Cir. 1979); *United States v. Weingartner*, 485 F. Supp. 1167, 1182-83 (D.N.J. 1979). With this distinction in mind, I find that defendants' affidavits do not sufficiently implicate agent Conley's veracity. Assuming the truth of what defendants state, their offer of proof at best impugns either the veracity of the informants or the veracity of Conley. In order to establish their right to a *Franks* hearing, however, defendants must make a substantial preliminary showing of deliberate falsehood or reckless disregard for the truth on the part of agent Conley. Defendants' affidavits fail to meet this standard.

*United States v. Brian*, 507 F. Supp. 761, 764 (D.R.I. 1981). Likewise, here, even if Defendant's motion had been filed in a timely manner, it would fail to meet this standard.

**DONE** and **ORDERED** this Friday, May 4, 2018.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE