**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**United States of America,**

      *Plaintiff,*

                                              Case No. 3:16-cr-073
v.                                            Judge Thomas M. Rose

**Charles Darnell Spencer,**

      *Defendant.*

---

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR GOVERNMENT'S ATTORNEYS TO RECUSE THEMSELVES FROM CASE, (ECF 197), DEFENDANT'S MOTION TO DISMISS INDICTMENT BASED ON OUTRAGEOUS GOVERNMENT CONDUCT, (ECF 198) AND DEFENDANT'S MOTION TO CONTINUE TRIAL. (ECF 199)**

---

This matter is before the Court on three motions: Defendant's Motion for Government's Attorneys to Recuse Themselves from Case, ECF 197, Defendant's Motion to Dismiss Indictment Based on Outrageous Government Conduct, ECF 198, and Defendant's Motion to Continue Trial. ECF 199. The Court will initially recount the procedural background leading up to what it, by the Court's count, is Defendant's Fourteenth motion to continue.

Over two years ago, on April 28, 2016, a complaint was filed alleging that Defendant Charles Darnell Spencer knowingly and intentionally conspired to possess with intent to distribute a substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(l) and (b)(1). ECF 1. He and Co-Defendants Deontay Lavern Satterwhite, Guy White and William

Clarence Etchison, Jr. were arrested April 29, 2016. ECF 5.

On June 29, 2016, all parties filed Second Joint Motion for an Order Extending Time to File Indictment or Information, ECF 21, which the Court granted. ECF 23.

On August 22, 2016, Myron P. Watson entered an appearance to represent Defendant Charles Darnell Spencer. ECF 42, 44. Attorney Watson promptly filed another motion to continue the arraignment as regards Spencer. ECF 43. On August 23, 2016, Spencer was arraigned.

On September 2, 2016, the Court issued a scheduling order, setting a trial date of September 26, 2016. ECF 46.

On September 9, 2016, Attorney Watson filed a motion to continue for Spencer based on the need to review voluminous amounts of records. ECF 47. On September 19, Etchison filed a motion to continue. ECF 48. On September 20, 2016, the Court granted the motions, moving the trial to December 5, 2016. ECF 49.

On October 6, 2016, Spencer filed a motion to extend the Court's motion deadline. ECF 56. On October 12, 2016, this motion was granted.

On November 7, 2016, Attorney Watson filed a motion to continue the trial date, to allow receipt and review of extensive records. ECF 68. On December 5, 2016, this motion was granted. ECF 70.

On January 27, 2017, Spencer filed a motion to extend the motions deadline, to allow receipt and review of extensive records. ECF 79. This motion was granted.

On February 11, 2017, Spencer filed another motion to extend the motions deadline, to allow receipt and review of extensive records and to send his investigator out of state to conduct

interviews. ECF 80. This motion was granted.

On February 14, 2017, Spencer filed a motion for the appointment of a private investigator. ECF 82. This motion was granted.

On February 23, 2017, Attorney Watson filed a motion to continue the trial, due to the investigator having a conflict and the need to prepare for trial. ECF 84. This motion was granted. In addition, a new motion deadline was set for Friday, March 31, 2017. Counsel was warned, "No further continuances shall be granted without just cause." Docket entry March 20, 2017.

On May 22, 2017, Attorney Watson moved the Court to continue the trial date, seeking additional discovery from the government. ECF 94. This motion was granted. ECF 114.

On June 6, 2017, Defendants Satterwhite and White pleaded guilty. ECF 108, 110.

On August 29, 2017, Attorney Watson filed a motion which read in its entirety:

> Comes now, Defendant Charles Darnell Spencer and respectfully moves this Court for a continuance of the trial scheduled to commence on October 2, 2017 for just cause.
>
> Wherefore, the undersigned would respectfully request that this Honorable Court grant a continuance of the trial.

ECF 117. This motion was granted. ECF 118.

On November 7, 2017, Attorney Watson moved the Court to continue the trial date, explaining that there was a need to acquire phone records, to conduct further investigation and to interview additional witnesses. ECF 135. This motion was granted.

On December 20, 2017, Attorney Watson moved the Court to continue the trial date, explaining that an expert witness had been hired, but that the expert had not completed an analysis of the tapes. ECF 139. On January 17, 2018, the Court granted the motion, warning in the docket entry that this would be a "final continuance." Docket entry January 17, 2018.

On February 13, 2018, Spencer was ordered to file a status report regarding any outstanding subpoenas by February 16, 2018. ECF 142. Moreover, expert reports were ordered to be delivered to opposing counsel by March 7, 2018.

On February 22, 2018, Spencer was ordered to show cause why he should not be held in contempt for failure to file the status report. ECF 143. On March 9, 2018, Spencer filed a status report.

On March 22, 2018, the Government filed a third superseding indictment, adding a gun charge. ECF 149.

On March 23, 2018, Spencer filed motion for continuance. ECF 150. This motion was denied, with the Court explaining: "The Court finds that the failure to grant the requested continuance would not make the trial impossible or result in a miscarriage of justice. The case is not unusual and the guilty pleas of all co-defendants has stripped the case of any argument that the number of defendants creates complexity. It is entirely reasonable to have expected adequate preparation for the trial within the time already allowed." Docket 152.

Motion to reconsider Motion for Continuance, ECF 153, was denied. Second Motion for Continuance, ECF 154, however, was granted in part, so that the Court could hold a hearing to consider the necessity to Defendant of Ms. Harvey-Blount, whom Defendant had described to the Court as an "expert. The April 23, 2018, hearing revealed that, while Ms. Harvey-Blount was possibly an expert in her field, Defendant did not intend to use her as an expert witness.

On May 7, 2018, Defendant filed yet another motion to continue. ECF 184. This motion was denied. ECF 186.

On May 9, 2018, Defendant filed Defendant's Motion for Government's Attorneys to

Recuse Themselves from Case, ECF 197, Defendant's Motion to Dismiss Indictment Based on Outrageous Government Conduct, ECF 198, and Defendant's Motion to Continue Trial. ECF 199.

**A.    Motion for Continuance**

Pending before the Court is Defendant Charles Spencer's Motion for Continuance pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii). ECF 199. In it, Spencer prays for a continuance of an unspecified length.

The decision to deny a motion for a continuance is entrusted to a district court's discretion. *United States v. Harbour*, 417 F. App'x 507, 512 (6th Cir. 2011) (citing *United States v. King*, 127 F.3d 483, 486 (6th Cir. 1997). "Trial judges necessarily require a great deal of latitude in scheduling trials[,] ... [and] broad discretion must be granted [to] trial courts on matters of continuances." *Id*. (quoting *Morris v. Slappy*, 461 U.S. 1, 11 (1983)). The public has an independent interest in a speedy trial which the Court must uphold. 18 U.S.C. § 3161(h)(7)(A).

Spencer urges the Court to consider:

> 1. That the Government's Attorney(s), on May 9, 2018, disclosed that CS1 as a key Government witness (and possibly others) will be prosecuted for crimes committed as a confidential informant in this case;
>
> 2. That the Government's Attorneys had just disclosed that they will not call CS1 as a witness in this case, and will not acknowledge the crimes of fraud and misconduct committed by this confidential informant and co-defendant Deontay Satterwhite who was also charged in this conspiracy;
>
> 3. That the Defendant's previously filed Motions for Continuance had been denied because the Government had provided all of the required discovery in this case;
>
> 4. That the Defendant and his counsel should be afforded an opportunity to find out the depths of the criminal misconduct of the Government informant, CS1; and

5

> 5. That defense counsel has been victimized by unconscionable tactics so that the Government can win a case, at all costs.

ECF 199, PageID 1363-64.

The Sixth Circuit has previously affirmed the denial of merely a third motion to continue trial. See *Harbour*, at 514. This motion is Spencer's fourteenth. Like the other two filed today, it is devoid of any citations to case law to support his position. Moreover, as will be discussed below, Defendant's concerns of government misconduct are unsubstantiated.

The Court declines to exercise its discretion to continue the trial. Wherefore, Defendant's Motion for Continuance, ECF 199, is **DENIED**.

**B.** **Motion to Dismiss Indictment Based on Outrageous Government Conduct**

Defendant's Motion to Dismiss Indictment Based on Outrageous Government Conduct, ECF 198, cites no rules or case law, but decries that the government has informed him late that a witness would not be called and, what's more, did not provide impeachment materials on this individual. Defendant's attorney avers the following:

> 1. That the Government's Attorney intentionally concealed criminal fraud of the Government informant CS1, who was the principal confidential informant against Charles Spencer; (See Counsel's Declaration)
>
> 2. That the Government Attorneys are still pursuing the case, notwithstanding the fact that its principal informant committed crimes against not only the Government, but also Charles Spencer personally in the furtherance of his duties as a paid Government informant;
>
> 3. That the Government Attorneys for months willfully concealed this criminal misconduct of its principal confidential informant CS1;

> 4. That the Government, as of May 9, 2018, disclosed to defense counsel that CS1 was not going to be called as a witness and that he and possibly others will be prosecuted for crimes (while working as a cooperating source) which occurred during this investigation in this alleged drug conspiracy;
>
> 5. That the Government's actions against the Defendant are not only reprehensible, but defies the American principles which hold near and dear to our hearts; and
>
> 6. That the Government has a duty not only to the public at large but also to Charles Spencer, who since I last checked was a citizen of these United States.

ECF 198, PageID 1360-61.

A telephone conference was held May 10, 2018. The government explained the data points that Defendant would connect to substantiate his claims "[t]hat the Government's Attorney intentionally concealed criminal fraud of the Government informant CS1…[and t]hat the Government Attorneys for months willfully concealed this criminal misconduct of its principal confidential informant CS1." *Id.* During the telephone conference, the government explained that, while preparing for trial, it learned that its agent did not believe that a voice it had previously identified as that of Defendant, was not that of Defendant. The government played the tape for CS1, who, though he had represented that he had spoken to Defendant in this conversation, agreed that it did not sound like him. The government decided not to call CS1 as a witness and informed Defendant. This Defendant concocts into an allegation of fraud by the government.

Defendant's allegation of "months [of] willful[] conceal[ment]" stem from the fact that the government, like Defendant, possessed these tapes for months before learning of the discrepancy. Defendant's allegations of "fraud" lack any basis for intentional concealment by the government. To the contrary, Defendant learned of these facts from the government's laudable disclosure.

7

The government is not obliged to call CS1 as a witness. "[T]he Sixth Amendment 'does not...require the government to call every witness competent to testify, including special agents or informers. If the evidence upon which a defendant is convicted was secured personally by government agents who testified, the government is not required to produce the cooperating individual.'" *United States v. Wilson*, 653 F. App'x 433, 444 (6th Cir. 2016) (quoting *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992)).

As for the allegation that the government is in possession of impeachment evidence concerning someone who will not be testifying at trial, the Court notes that the category of individuals who will not be testifying at trial is large. The government is not obliged to provide impeachment materials on any of us. See *United States v. Green*, 178 F.3d 1099, 1109 (10th Cir. 1999) ("Green contends that the government failed to comply with the district court's discovery order and with *Brady* and *Giglio* by refusing to turn over unidentified information that allegedly could have been used to impeach McReynolds. … [B]ecause both the discovery order and *Giglio* apply only to impeachment information relating to a government witness, see *Giglio*, 405 U.S. at 153–55, 92 S. Ct. 763;…, they are inapplicable because the government did not ever call McReynolds as a witness."). Thus, Defendant's Motion to Dismiss Indictment Based on Outrageous Government Conduct, ECF 198, is **DENIED**.

C.  **Motion for Government's Attorneys to Recuse Themselves from Case**

Defendant's Motion for Government's Attorneys to Recuse Themselves from Case, ECF 197, asserts that the misconduct described in Defendant's Motion to Dismiss, ECF 198, is so egregious as to warrant the Court ordering the government attorneys to recuse themselves from the case. As discussed above, the Court has found nothing improper about the government's

conduct in this case. Therefore, Motion for Government's Attorneys to Recuse Themselves from Case, ECF 197, is **DENIED**.

Jury Trial remains set for May 21, 2018, at 9:00 a.m. in Courtroom 2 before Judge Thomas M. Rose.

**DONE** and **ORDERED** this Friday, May 11, 2018.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE