# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Case Nos. 3:16-cr-073(3) |
| | :             3:16-cr-161 |
| Plaintiff, | : |
| | : District Judge Thomas M. Rose |
| vs. | : Magistrate Judge Sharon L. Ovington |
| | : |
| CHARLES DARNELL SPENCER, | : |
| | : |
| Defendant. | : |

## REPORT AND RECOMMENDATIONS[1]

This case came before the Court for a plea hearing on May 16, 2018. Assistant United States Attorney Sheila G. Lafferty appeared and represented the Government, and Myron Watson, Esq., appeared and represented Defendant. Defendant was present with counsel.

In Case No. 3:16-cr-073(3), prior to the hearing, the parties entered into a proposed binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), which agreement has been filed of record. (Doc. #209). Under the terms of the plea agreement, Defendant agreed to plead guilty as charged in the Superseding Information currently pending against him in Case No. 3:16cr073(3), which charges him with Count 1: knowingly and intentionally conspiring to knowingly and intentionally possess with intent to distribute and distribute in excess of 100 grams or more of a mixture or

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i), all in violation of 21 U.S.C. § 846; and, Count 2: being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

In Case No. 3:16-cr-161, prior to the hearing, the parties entered into a proposed binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), which agreement has been filed of record. (Doc. #40). Under the terms of the plea agreement, Defendant agreed to plead guilty as charged in the Superseding Information currently pending against him in Case No. 3:16cr161, which charges him with Count 1: knowingly and intentionally distributing a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethy)-4-piperidiny] propanamide (commonly known as fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2.

During the plea hearing, the undersigned had the opportunity to address Defendant in open court and to inform Defendant of all rights and privileges as set forth in Fed. R. Crim. P. 11(b)(1). Further, the undersigned carefully inquired of Defendant regarding his understanding of the plea agreement, as well as his competence to understand the agreement. Having fully inquired, the undersigned Judicial Officer finds that Defendant's tendered plea of guilty as charged in each Superseding Information described above was knowing, intelligent, and voluntary.

Based upon the statement of facts, which were read into the record and affirmed by Defendant, the undersigned finds in Case No. 3:16cr73(3) that there is a sufficient

2

factual basis for finding that Defendant is in fact guilty of Count 1: knowingly and intentionally conspiring to knowingly and intentionally possess with intent to distribute and distribute in excess of 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i), all in violation of 21 U.S.C. § 846; and, Count 2: being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Based upon the statement of facts, which were read into the record and affirmed by Defendant, the undersigned finds in Case No. 3:16cr161 that there is a sufficient factual basis for finding that Defendant is in fact guilty of Count 1: knowingly and intentionally distributing a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethy)-4-piperidiny] propanamide (commonly known as fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2.

Based upon the foregoing, it is **RECOMMENDED** that the District Court accept Defendant's plea of guilty as charged in each Superseding Information currently pending against him in Case No. 3:16cr73(3) and Case No. 3:16cr161.

Pending the Court's acceptance of Defendant's guilty plea, Defendant has been referred to the Probation Department for a pre-sentence investigation and preparation of the PSR.

May 18, 2018                                               *s/Sharon L. Ovington*
                                                                       Sharon L. Ovington
                                                                       United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Crim. P. 59(b)(2), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).