# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

United States of America

                Plaintiff

                v.

Charles Spencer

                Defendant

Case 3:16-cr-73

3:16-cr-161

District Judge Thomas M. Rose

_____

## ENTRY AND ORDER DENYING DEFENDANT'S SECOND MOTIONS FOR BAIL (DOC. #209) IN CASE NO. 3:16-CR-073 AND (DOC. #43) IN CASE NO. 3:16-CR-161

_____

This matter comes before this Court pursuant to Defendant's Second Motion for Bail (Doc.#209) in Case No. 3:16-CR-073 and (Doc. #43) in Case No. 3:16-CR-161 filed May 17, 2018.

On May 16, 2018, Defendant entered pleas of guilty to Counts 1 and 2 of a Superseding Indictment in Case No. 3:16CR073 and Count 1 of a Superceding Indictment in Case No. 3:16CR161.

Count 1 of Case No. 3:16CR073 charged Defendant with knowingly and intentionally conspiring to knowingly and intentionally possess with intent to distribute and distribute in excess of 100 grams or more of a mixture or substance containing a detectable amount of heroin, a schedule I controlled substance, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B)(I), all in violation of 21 U.S.C. §846, while Count 2 charged Defendant with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2). In Case No. 3:16CR161, the Defendant was charged in Count 1 of a Superceding Indictment with knowingly

and intentionally distributing a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanayl), a Schedule II controlled substance, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C) and 18 U.S.C. §2.

Count 1 of Case No. 3:16CR073 is punishable up to 40 years of imprisonment with a mandatory minimum of five years. Count 2 of Case No. 3:16CR073 is punishable up to 10 years of imprisonment. In Case No. 3:16CR161 Count 1 is punishable up to 20 years of imprisonment.

Defendant's pleas were made pursuant to a plea agreement which contained a provision under Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure agreeing that the sentences imposed for these violations run concurrently for a total term of ninety (90) months.

Pursuant to 18 U.S.C. §3143 (a)(2), the judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A),(B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Under 18 USC §3143, this Court in reviewing said matter and the previous detention order must make a determination whether any condition or combination of conditions would reasonably assure the appearance of the Defendant as required and the safety of any other person and community. In making this determination the Court has considered the factors enumerated under 18 U.S.C. §3142 (g) including the nature and circumstances of his offenses, the history

and characteristics of the person and the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.

The Court must consider these factors in light of 18 U.S.C. §3143 (a)(2) which requires that if the Defendant is convicted of an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act (21 U.S.C. §801 et. seq.), it is presumed that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of others and the community. Of course this presumption is subject to rebuttal by the Defendant.

Defendant's counsel argues, as stated in his motion, that there have been changes in circumstances that indeed affect the factors to be considered by the Court.

. After weighing all evidence and reviewing the entire record, the Court finds, in light of the presumption, under 18 U.S.C. §3143 (a)(2), that there is no condition or combination of conditions that will reasonably assure the appearance of the Defendant as required and the safety of others and the community. The Court also finds that the Defendant has not sufficiently rebutted this presumption and that the Court cannot find by clear and convincing evidence that there are conditions or combination of conditions that would reasonably assure the appearance of this Defendant as required and the safety of other persons and the community.

Therefore, Defendant's Second Motions for bail (Doc.#209) in Case No. 3:16–CR-073 and (Doc. #43) in Case No. 3:16-CR-161 are DENIED.

IT IS SO ORDERED.

Date:   July 6, 2018                                    *s/**THOMAS M. ROSE**

                                                _____
                                                THOMAS M. ROSE
                                                UNITED STATES DISTRICT JUDGE