# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:16-cr-073-3 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| CHARLES DARNELL SPENCER, | : | |
| Defendant. | : | |

## ENTRY AND ORDER GRANTING MOTION TO DISMISS PETITION OF BRITTANY APPLEBERRY (DOC. 231)

This case is before the Court on the Motion to Dismiss Petition of Brittany Appleberry (Doc. 242) filed by Plaintiff United States of America (the "Government"). Appleberry declined to file a response in opposition. This matter is ripe for review. For the reasons below, the Court **GRANTS** the Motion to Dismiss Petition.

### I. BACKGROUND

The Federal Bureau of Investigation ("FBI") executed a federal seizure warrant on April 30, 2016, for the contents of US Bank Account No. xxxx8949 in the name of 2 Flavors, LLC. (S.D. Ohio Case No. 3:16-mj-133.) The FBI seized approximately $13,613.52 (the "subject property") at the time the bank account was liquidated.

On May 16, 2018, the United States charged defendant Charles Spencer in a two-count Superseding Information with Conspiracy to Possess with Intent to Distribute and Distribute in Excess of 100 Grams or More of a Mixture or Substance Containing a Detectable Amount of Heroin, in violation of 21 U.S.C. § 846 and with Possession of a Firearm and Ammunition by a Convicted Felon, in violation 18 U.S.C. § 922(g)(1). (Doc. 205.)

On the same date, the Defendant entered into a Plea Agreement with the United States in which he agreed to plead guilty to the Superseding Information. (Doc. 206.) The Defendant admitted that the property covered by the Plea Agreement, which includes the subject property, is forfeitable to the United States as proceeds of the narcotics conspiracy and/or facilitated such offense. (*Id.* at 4-5.)

The Court issued a Preliminary Order of Forfeiture against the subject property, among other property, finding that it was subject to forfeiture to the United States under 21 U.S.C. § 853(a). (Doc. 222.) The Court ordered any person, other than the defendant, to file a petition to contest the forfeiture which is signed under penalty of perjury; sets forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought. (*Id.* at ¶ 7.)

On September 5, 2018, Brittany Appleberry (the "Petitioner") filed a pro se petition, which appears to claim an interest in the subject property. (Doc. 231.) In her filing, Appleberry describes the steps that she took to open a business named 2 Flavors, LLC and states, without further explanation, that she opened a bank account with US Bank for her business account. (*Id.* at Page ID# 1515.) The Petitioner provided various attachments in support of her petition, including the following: (1) a statement from Postal Family Credit Union; (2) an Ohio Food Service Operation License; (3) a Vendor's License; (4) a Certificate of Zoning Compliance; (5) an inspection document from the Fire Prevention Bureau; (6) a net revenue summary for 2 Flavors, LLC; (7) an IRS notice regarding assignment of Employer Identification Number; (8) work authorization for cleaning services; (9) payment history with Darling Ingredients; (10) customer account application with Gordon Food Service; and (11) US Bank document dated August 27, 2018, indicating that

2

Appleberry is the sole owner/signer for US Bank accounts ending in 8949 and 8931. (*Id.* at Page ID# 1517-1539.) The only reference that the Petitioner makes to the subject property states, "Claimed for Preliminary Order of Forfeiture $13,613.52." (*Id.* at Page ID# 1513.)

On November 16, 2018, the United States filed a notice with the Court about the status of the ancillary proceedings. (Doc. 234.) The notice sets forth the requirements, under 21 U.S.C. § 853(n)(3), that a third party must follow to contest a forfeiture and details the Petitioner's failure to follow such requirements. (*Id.* at 2-4.) In addition, the notice provides that an LLC must be represented by counsel in federal court. (*Id.* at 3.) The United States sent a copy of this notice with a letter and a copy of the Preliminary Order of Forfeiture to the Petitioner in her individual capacity and as the statutory agent for 2 Flavors, LLC. (Doc. 241, Exhibit A.) The letter to the Petitioner reiterated the requirements for filing a petition with the Court and gave her an additional thirty days to amend her petition. (*Id.*; Doc. 234 at 4.) The Petitioner's deadline for filing an amended petition was December 26, 2018, which is thirty days from her receipt of notice. (Doc. 241, Exhibit A.) She has not filed an amended petition to date.

## II.   ANALYSIS

The Government moves the Court for an order to dismiss the pro se petition (Doc. 231) filed by Brittany Appleberry, pursuant to Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure and Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to comply with the statutory requirements under 21 U.S.C. § 853(n)(3) to contest the forfeiture of the subject property and for failure to state a claim upon which relief may be granted under 21 U.S.C. § 853(n)(6). (Doc. 242.)

As noted by the Government, a person who asserts a "legal interest" in forfeited property may petition the court for a hearing. 21 U.S.C. § 853(n)(2). The petition shall be signed by the

3

petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought. 21 U.S.C. § 853(n)(3).

In addition, "[p]ursuant to 21 U.S.C. § 853(n)(6), a district court can amend an order of forfeiture in only two circumstances." *United States v. Monea Family Trust I*, 626 F.3d 271, 277 (6th Cir. 2010). First, amending an order of forfeiture is appropriate if the petitioner proves under § 853(n)(6)(A) that she "has a legal right, title, or interest in the property" that "was vested in the petitioner . . . or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property." *Id.* Second, amending an order of forfeiture is appropriate where the petitioner proves under § 853(n)(6)(B) that she "is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under such section." *Id.*

The Supreme Court has held that 21 U.S.C. § 853(n) provides the exclusive means by which third parties can vindicate their rights in property subject to forfeiture. *Libretti v. United States*, 516 U.S. 29, 44 (1995).

The criminal forfeiture statute contains a relation-back provision which provides that "[a]ll right, title, and interest in property described in [§ 853(a)] vests in the United States upon the commission of the act giving rise to forfeiture under this section." 21 U.S.C. § 853(c); *see also United States v. Huntington Nat'l Bank*, 682 F.3d 429, 433 (6th Cir. 2012). Thus, at the time the defendant commits the criminal acts, "title to the forfeitable property, by operation of the relation-back clause, actually belongs to the government." *Id.*

4

In the ancillary proceeding, the Government may move, under Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure, to dismiss a third-party petition for "lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A). As indicated in the Advisory Committee Notes for Rule 32.2 Subdivision (c), Rule 12(b)(6) of the Federal Rules of Civil Procedure also applies when a motion to dismiss a claim is filed in an ancillary proceeding. *See United States v. Salti*, 579 F.3d 656, 667 (6th Cir. 2009) (stating that "a motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)").

The Government argues that the Petitioner has failed to comply with the statutory requirements for asserting a legal interest in the subject property. The Court finds the Government's argument well taken.

As the Government submits, in order to contest a forfeiture action, a petitioner "must have statutory and Article III standing." *United States v. Howard*, No. 1:12cr95-4, 2017WL2955758, at *2 (S.D. Ohio July 11, 2017) (citing *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir. 1998)). Federal courts require strict compliance with 21 U.S.C. § 853(n)(3) because of the substantial danger of false claims in forfeiture proceedings. *United States v. Lamid*, 663 Fed. Appx. 319, 323 (5th Cir. 2016). Courts routinely dismiss third-party petitions when they fail to establish standing or meet the pleading requirements detailed in 21 U.S.C. § 853(n)(3). *See, e.g., United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014) (upholding district court's dismissal of petition because it "asserts only a conclusory legal interest" in the forfeited property). The Petitioner here has failed to comply with the statutory requirements under 21 U.S.C. § 853(n)(3) for asserting a legal interest in the subject property.

First, the Petitioner has not signed her petition under penalty of perjury. The requirement that a third-party petition be signed under penalty of perjury is "not a mere technical requirement that [courts] easily excuse." *United States v. Chandler*, No. 1:18-CR-00079-MOC-WCM, 2019WL1427556, at *3 (W.D.N.C. Mar. 29, 2019); *United States v. Ginn*, 799 F. Supp. 2d 645, 647 (E. D. La. 2010) (dismissing pro se petition not signed under penalty of perjury). Although the Petitioner signed her petition in the presence of a notary, that "does not establish that [she] signed the document under penalty of perjury; it only demonstrates that the person signing the document is who [she] purports to be." *Chandler*, 2019WL1427556, at *3; *see also* 28 U.S.C. § 1746.

Second, the Petitioner has not set forth the nature and extent of her right, title, or interest in the subject property. For example, the Petitioner fails to provide sufficient detail regarding the nature of her interest; rather, she merely states, "Claimed for Preliminary Order of Forfeiture $13,613.52." (Doc. 231 at Page ID# 1513.) The Petitioner then describes the steps she took to open 2 Flavors, LLC and states, without further explanation, that she opened a bank account with US Bank for her business account. (*Id.* at Page ID# 1515.) While the Petitioner submitted a document from US Bank which indicates she is the only owner/signer on US Bank account ending in 8949, the document is dated August 27, 2018, over two years after the seizure of the subject property from the account. (*Id.* at Page ID# 1539.) In addition, the Petitioner has failed to specify the extent of her interest in the subject property as compared to the defendant's interest in the funds.

The petition also is unclear as to whether the Petitioner claims the subject property in her individual capacity or on behalf of 2 Flavors, LLC as an authorized agent. To the extent that the Petitioner claims an interest in the subject property on behalf of 2 Flavors, LLC, she must make

6

such claim through counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (noting that "the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney").

Third, the Petitioner has not set forth the time and circumstances of her acquisition of the right, title, or interest in the subject property. In support of her petition, the Petitioner attached a net revenue summary for 2 Flavors, LLC, which purports to show net revenue from March and April 2016. (Doc. 231 at Page ID# 1525.) However, the Petitioner does not state how much, if any, of the net revenue from 2 Flavors, LLC was deposited into the US Bank account and remained there at the time of seizure in April 2016.

Because the Petitioner has failed to comply with the requirements of 21 U.S.C. § 853(n)(3), the Court finds it is appropriate to dismiss her petition without a hearing.

The Government next argues that the Petitioner has failed to state a claim upon which relief may be granted. The Court finds this argument also has merit.

The Government argues that the Petitioner's filing fails to state a claim for relief under 21 U.S.C. § 853(n)(6) in order to establish Article III standing. Although the Petitioner is not required to prove the merits of her underlying claim, she must allege "a facially colorable interest in the seized property" to satisfy the threshold issue of Article III standing. *Salti*, 579 F.3d at 667.

At issue is whether the Petitioner has alleged a legal right, title, or interest in the subject property which at the time of the criminal acts was vested in her rather than the defendant or was superior to that of the defendant. *See* 21 U.S.C. § 853(n)(6)(A). The Sixth Circuit has described various types of superior interests that would support standing, such as a "lien, mortgage, recorded security device, constructive trust, valid assignment, or the like." *United States v. Campos*, 859

F.2d 1233, 1238-39 (6th Cir. 1988). The Petitioner has not alleged any interest in the subject property that was vested or superior.

Notably, the Petitioner does not dispute the fact that the subject property is drug proceeds or that the US Bank account was used to facilitate drug trafficking. Under the relation-back doctrine, all right, title, and interest in the subject property vested in the Government upon the defendant's commission of the acts which gave rise to the forfeiture. *See* 21 U.S.C. § 853(c); *Huntington Nat'l Bank*, 682 F.3d at 433.

The Sixth Circuit has recognized the temporal requirement of 21 U.S.C. § 853(n)(6)(A)—"at the time of the commission of the acts which gave rise to the forfeiture"—in concluding that "'[p]roceeds of crime . . . do not precede the crime.'" *United States v. Warshak*, No. 09-3321, 2011WL2450991, at *2 (6th Cir. Mar. 30, 2011) (quoting *United States v. Hooper*, 229 F.3d 818, 822 (9th Cir. 2000)). The Petitioner, therefore, cannot assert a preexisting interest in drug proceeds to satisfy standing under 21 U.S.C. § 853(n)(6)(A). As the Ninth Circuit has observed, "this interpretation of § 853(n)(6)(A) leads inevitably to the conclusion that § 853(n)(6)(A) is likely never to apply to proceeds of crime." *Hooper*, 229 F.3d at 821-22.

Finally, the Petitioner has not alleged facts, under 21 U.S.C. § 853(n)(6)(B), showing that she is a bona fide purchaser for value of the right, title, or interest in the subject property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture.

Accordingly, the Petitioner has not claimed a legal right, title, or interest in the subject property as required under 21 U.S.C. § 853(n)(6)(A) or (B). This is another reason why Appleberry's petition is dismissed without a hearing.

## III. CONCLUSION

For the reasons above, the Court **GRANTS** the Motion to Dismiss Petition (Doc. 242) and hereby dismisses Appleberry's pro se petition (Doc. 231) under Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure and Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to comply with the statutory requirements under 21 U.S.C. § 853(n)(3) to contest the forfeiture of the subject property and for failure to state a claim upon which relief may be granted under 21 U.S.C. § 853(n)(6).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, May 23, 2019.

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE