# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 3:16-cr-73(3); 3:16-cr-161 |
| v. | : Judge Thomas M. Rose |
| CHARLES DARNELL SPENCER, | : |
| Defendant. | : |

___

## ENTRY AND ORDER DENYING AMENDED MOTION FOR COMPASSIONATE RELEASE (DOC. 251)
___

This case is before the Court on Defendant's Amended Motion for Compassionate Release (No. 3:16-cr-73 at Doc. 251) (the "Motion"), filed by Charles Darnell Spencer ("Spencer").[1] Spencer is currently incarcerated at FCI [Federal Correctional Institution] Loretto in Pennsylvania. Through counsel, Spencer asks this Court to reduce his sentence to time served, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The United States (the "Government") filed a Response in Opposition (*Id.* at Doc. 253) (the "Response"), in which the Government opposes the Motion and asks the Court to deny it. No reply was filed by Spencer, and the time to do so has now passed.[2] The matter is ripe for review.[3] For the reasons discussed below, the Court **DENIES** Spencer's Amended Motion for Compassionate Release.

___

[1] Spencer filed an initial motion for compassionate release (Doc. 249) that was mooted by his amended motion for compassionate release (Doc. 251), but that contains the exhibits referenced in the Motion (*see* Docs. 249-1 through 249-8).

[2] Pursuant to the Notation Order entered on September 10, 2020, upon the Government's entry of its Response, Spencer had 14 days to file a reply brief in support of the Motion. The Government filed the Response on September 10, 2020, and 14 days passed without a reply being filed.

[3] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified Section 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

1

I.  **BACKGROUND**

Spencer appeared before the Court on two related matters, Case Numbers 3:16-cr-73 and 3:16-cr-161.  In Case Number 3:16-cr-73, the Government filed a Superseding Information on May 16, 2018, charging Spencer with violating 21 U.S.C. § 846; 18 U.S.C. § 922(g)(1); and 18 U.S.C. § 924(a)(2). (No. 3:16-cr-73 at Doc. 205.)  On June 4, 2018, the Court accepted Spencer's guilty plea. (*Id.* at Doc. 212.)  The Statement of Facts, signed by Spencer and his attorney, states:

> Beginning in at least August 2015, and continuing up to and including April 29, 2016, Charles Spencer (SPENCER) conspired with others to possess with intent to distribute and distribute heroin in the Dayton, Ohio area.
>
> More precisely, during this time period, SPENCER conspired and agreed with Guy White, Curtis Stargell, Brayan Diaz and others to obtain and distribute heroin to customers in the Dayton, Ohio area for personal profit.  In early 2016, the Federal Bureau of Investigation obtained a court authorized wiretap on phones associated with SPENCER.  As a result of the wiretap, agents intercepted multiple phone calls between SPENCER, Guy White, Curtis Stargell, Brayan Diaz and others regarding their drug trafficking enterprise.
>
> On April 29, 2016, law enforcement agents executed a federal search warrant at SPENCER's residence located at 62 Woodhill Drive, Springboro, Ohio.  Agents located a loaded Bryco 9mm firearm and l3 rounds of WIN ammunition within the residence.  Agents also seized digital scales and United States currency.  On this same date, agents executed a second federal search warrant at SPENCER's residential property located at 239 Mercer Avenue, Dayton, Ohio.  At that location, agents located a loaded Taurus .357 revolver, l0 rounds of R&P ammunition, 2 rounds of federal ammunition and a digital scale. All of the firearms and ammunition belonged to SPENCER.
>
> On April 29, 2016, SPENCER was prohibited from possessing the firearms and ammunition because SPENCER had been convicted of a felony punishable by a term of imprisonment exceeding one year, namely: on or about July 17, 1992, in

---

defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the facility, whichever earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf.  To do that, he must fully exhaust all administrative rights to appeal with the prison or wait 30 days after his first request to the prison" and "Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them") (internal quotation marks omitted) (alterations adopted).  Spencer initially petitioned the Warden of FCI Loretto for compassionate release. (Doc. 249-7; Doc. 251 at PAGEID # 1680.) The parties agree that the Warden denied Spencer's petition. (Doc. 251 at PAGEID # 1680; Doc. 253 at PAGEID # 1694.) Thus, the exhaustion requirement is not at issue.

the United States District Court for the Southern District of Ohio, Case No. 3:91CR075 of distribution of cocaine, in violation of 2l U.S.C. § 84l(a)(l). . . .

(*Id.* at Doc. 206 at PAGEID # 1436.)

In Case Number 3:16-cr-161, the Government filed a Superseding Information on May 16, 2018, charging Spencer with violating 18 U.S.C. § 841(a)(1); (b)(1)(C); and 2. (No. 3:16-cr-161 at Doc. 39.) On June 4, 2018, the Court accepted Spencer's guilty plea. (No. 3:16-cr-73 at Doc. 212.) As related to case 3:16-cr-161, the Statement of Facts, signed by Spencer and his attorney, states:

> On October 29, 2016, in Montgomery County, Ohio, SPENCER knowingly and intentionally distributed a controlled substance to an individual identified as "D.R.". More precisely, SPENCER sold a controlled substance to "D.R." while both were incarcerated at the Montgomery County Jail in Dayton. At SPENCER's request, another inmate delivered the controlled substance to "D.R.". Upon using the controlled substance which contained fentanyl, "D.R." overdosed and was transported to the Miami Valley Hospital in Dayton where he died a few days later. SPENCER accepts responsibility for distributing the controlled substance which resulted in serious bodily injury to "D.R.". . .

(*Id.* at Doc. 206 at PAGEID # 1437.)

The Final Presentence Investigation Report ("PSI") regarding Spencer provided additional information regarding the circumstances of these offenses, and it identified four juvenile adjudications, 13 adult criminal convictions, and other minor convictions. (PSI at ¶¶ 97-115.)

On August 30, 2018, the Court imposed a ninety-month concurrent term of incarceration; five years of supervised release with special conditions; a $100 special assessment for each count convicted; and forfeiture of property. (No. 3:16-cr-161 at Doc. 229.) To date, Spencer has served about four years, or forty-eight months, of his ninety-month sentence (which includes credit for time served in custody prior to his plea). Spencer's anticipated release date is in October 2022. (*Id.* at Doc. 251 at PAGEID # 1677.) In its Response, the Government notes that the Bureau of

3

Prisons (the "BOP") denied Spencer's request for compassionate release, having concluded that release was not appropriate. (*Id.* at Doc. 253.)

## II. ANALYSIS

Spencer now asks the Court to "reduc[e] his sentence to time served" and to consider what he alleges are extraordinary and compelling reasons for doing so, pursuant to 18 U.S.C. § 3582(c)(1)(A). (*Id.* at Doc. 251.)

### A. Legal Standards

A district court has limited authority to modify a sentence. "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants such authority in certain limited circumstances. It provides in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). Thus, the Court can modify a term of imprisonment if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) such a reduction is appropriate "after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020); *United States v. Spencer*, No. 20-3721, 2020 U.S. App. LEXIS 28051, at *4, 2020 WL 5498932 (6th Cir. Sept. 2, 2020).

Commentary to an applicable policy statement issued by the Sentencing Commission identifies four, relatively narrow, circumstances in which "extraordinary and compelling reasons" may exist.[4] United States Sentencing Commission, Guidelines Manual, § 1B1.13, at cmt. n. 1 (Nov. 1, 2018) (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)). Those four circumstances are: (A) Medical Condition of the Defendant; (B) Age of the Defendant; (C) Family Circumstances; and (D) other extraordinary and compelling reasons. *Id.* Each of the four circumstances has its own parameters. *Id.* Commentary also confirms that, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." *Id.* at cmt. n. 3.

That same applicable policy statement also requires that the defendant not be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*; *see also Kincaid*, 802 F. App'x at 188; *Spencer*, 2020 U.S. App. LEXIS 28051, at *4 ("[t]he district court must also find that the defendant is not a danger to the safety of any other person or to the community") (internal quotation marks omitted). Section 3142(g) provides factors to be considered in making that "danger to the safety" determination.[5] 18 U.S.C. § 3142(g). Finally, it

---

[4] *See* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples").
[5] Specifically, 18 U.S.C. § 3142(g) states:
   "(g) Factors to be considered. The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
   (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [18 USCS § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
   (2) the weight of the evidence against the person;
   (3) the history and characteristics of the person, including—
      (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
      (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

remains that "compassionate release is discretionary, not mandatory." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment).

### B. Application

In his Motion, Spencer asserts that the Court should release him for time served because of the COVID-19 pandemic and several asserted family health matters. (No. 3:16-cr-73 at Doc. 251.) It is noteworthy that Spencer does not identify any underlying medical conditions that put him at high risk of contracting COVID-19. Instead, he relies on what he characterizes as inadequate COVID-19 safety measures at FCI Loretto stating that "it is not speculative as to *if* [he] will contract COVID-19, but *when* [he] will contract COVID-19." (*Id.* at Doc. 251) (emphasis in original). Further, Spencer identifies health issues concerning his long-term partner, mother, and sister, arguing that they all need him to be home to help care for them as they undergo their respective medical treatments. (*Id.*) Finally, Spencer argues that the "education, training, and treatment that he has received while incarcerated," as well as his prison record over the course of his four years of incarceration, demonstrate that he is "reformed and does not pose a danger to the community." (*Id.* at PAGEID # 1689-90.)

In response, the Government argues that the Motion should be denied because Spencer has not demonstrated an extraordinary and compelling reason for compassionate release and, even if he did, Spencer is a threat to community safety, and thus release would not be appropriate. (*Id.* at Doc. 253.)

---

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required."

Although the Government does not concede that Spencer has shown an "extraordinary and compelling" reason to warrant a reduction in the term of his imprisonment, the Court will assume—<u>without</u> deciding—that he has satisfied that requirement.[6] However, as stated above, that does not end the Court's inquiry. The Court still must consider whether Spencer has demonstrated that, if released, he would not be a danger to the safety of any other person or to the community.

Spencer pled guilty to several drug-related offenses, and he has a significant criminal history (*Id.* at Doc. 206; PSI at ¶¶ 101-13). *United States v. Westine*, No. 20-5233, 2020 U.S. App. LEXIS 21418, at *3-4 (6th Cir. July 9, 2020) ("district courts may consider the nature of and circumstances of the offense. . . in addition to [the defendant's] age and health conditions"). That history includes several convictions for drug-related crimes, among others. (*See* PSI at ¶¶ 101-03, 108.) The offenses for which Spencer is currently incarcerated likewise involved drugs, namely the possession and distribution of large quantities of heroin and fentanyl. Moreover, even while in the county jail, Spencer facilitated the distribution of fentanyl-laced drugs to D.R., which directly resulted in his overdose and death. (No. 3:16-cr-73 at Doc. 206 at PAGEID # 1437; PSI at ¶¶ 67-68.) Thus, despite Spencer's arguments and submissions, this Court does not "determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.C., Guidelines Manual, § 1B1.13. Instead, given the circumstances, it finds that Spencer is such a danger to the safety of the community.

As part of its analysis, the Court also has considered the Section 3553(a) factors to the extent that they are applicable. Several applicable factors weigh against granting this Motion. For

---

[6] The Court emphasizes that it does <u>not</u> find that any circumstances (separately or combined) alleged by Spencer to qualify as "extraordinary and compelling reasons [that] warrant such a reduction" do so qualify. 18 U.S.C. § 3582(c)(1)(A)(i). As shown herein, the Court need not address that question to decide the Motion.

example, the Court finds that the "nature and circumstances of the offense and the history and characteristics of the defendant" do not favor early release in this matter, for the reasons set forth above. 18 U.S.C. § 3553(a)(1); *see also United States v. Marshall*, No. 18-cr-20491, 2020 U.S. Dist. LEXIS 162919, at *6, 2020 WL 5369038 (E.D. Mich. Sept. 8, 2020) (noting that fentanyl is an extremely potent and dangerous drug and, thus, the nature of such fentanyl related offenses "weighs significantly against release").

Additionally, the Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence for criminal conduct, and protect the public from further crimes of the defendant do not favor early release. 18 U.S.C. § 3553(a)(2)(A)-(C). Spencer has served just over half of his ninety-month sentence, and, according to the BOP, still has approximately two years remaining on his sentence. *Kincaid,* 802 F. App'x at 188 ("the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate"). Releasing Spencer with two years left on his sentence, especially when his crimes resulted in the death of another person and the BOP has concluded that release would not be appropriate, "minimizes both the impact of [his] crime[s] and seriousness of [his] offense[s]." *Chambliss*, 948 F.3d at 694.

Spencer's extensive and continued exposure to the criminal justice system also indicate that releasing him early would not promote deterrence. 18 U.S.C. § 3553(a)(2)(B). Spencer committed these crimes after already serving sentences in both state and federal court for previous drug convictions. (*See* PSI at ¶¶ 101-03, 108.) Since those sentences did not deter him, requiring Spencer to serve the remainder of his sentence "would provide just punishment and afford

8

adequate deterrence to criminal conduct." *Chambliss*, 948 F.3d at 694 (internal quotation marks omitted); *see also* 18 U.S.C. § 3553(a)(2)(B). The Court finds that the other Section 3553(a) factors are either inapplicable or do not outweigh these considerations.

In summary, in addition to finding that Spencer is a threat to the community, the Court finds that analyzing and balancing the applicable Section 3553(a) factors further supports the denial of the Motion. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (affirming denial of a compassionate release motion where "the District Court reasonably concluded that several of the § 3553(a) factors—including … the need to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence—counsel against compassionate release …."). While the Court is sympathetic to Spencer's family situation and is aware of the seriousness of the COVID-19 pandemic within prisons, the Court finds that the danger that he poses to the community, as well as the 18 U.S.C. § 3553(a) sentencing factors, counsel against granting him compassionate release.

### III. CONCLUSION

Spencer does not meet the requirements necessary to be granted relief under 18 U.S.C. § 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the "Amended Motion for Compassionate Release" (Doc. 251).[7]

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, October 9, 2020.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[7] The Court acknowledges the valuable contribution and assistance of judicial extern Ashley Oravetz in drafting this order.

9